United States Bankruptcy Court
Eastern District of Michigan

In re:   Angelia Gail Ruffin,                                        Case No. 13-56724-tjt
                                                                     Judge: Tucker
                    Debtor.
_____/

<u>Debtor's Chapter 13 Confirmation Hearing Certificate</u>
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtors' plan, because all timely objections of creditors and the trustee have been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. **X** Request confirmation of the debtors' plan, even though all timely objections have not been resolved.  I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.  The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts.  The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

Trustee Objections:
1) The debtor testified that she pays $249/mo. for auto insurance.  Debtor failed to disclose this expense on Schedule J, which may impact feasibility.  **(Debtor has recently amended her Schedule J to disclose the auto insurance on Schedule J.)** 2) The debtor testified at the 341 hearing that she is currently looking for employment.  Trustee requests that the debtor provide the status of her employment at confirmation and/or amend Schedules I and J at any point in time that she becomes employed.  **(Debtor will include language in her proposed Order Confirming Plan that she will amend Schedules I and J at any point in time that she becomes employed.)** 3) The debtor testified at the 341 hearing that she anticipates her unemployment benefits will expire in 3 weeks, which may impact feasibility.  **(Debtor has recently amended her Schedule I to disclose the extension she was awarded through April, 2014.  Debtor notes that she continues to seek employment.)** 4) Debtor testified at the 341 hearing that she received a worker's compensation settlement in October, 2013 in the amount of $41,100.23.  Trustee requests that the debtor turn over this settlement to pay her creditors.  Debtor further testified that the funds are currently held in a bank account.  Trustee requests that debtor provide a copy of the bank statement and amend Schedule B to disclose this property.  **(Debtor has recently amended Schedules B and C to disclose and exempt these workers compensation proceeds.  Debtor opposes this objection in part as to the Trustee's request that the debtor turn over this workers compensation settlement to pay her creditors.  Debtor is currently unemployed and living on a meager budget.  Debtor asserts that these funds are reasonably necessary for the support of the debtor and her dependent daughter.**

**Debtor believes that her recently amended Schedules I and J will show that these funds have been properly exempted and would be needed to fund her Chapter 13 Plan, while maintaining her monthly expenses. Therefore, the debtor requests that these funds be retained by the debtor for her maintenance and support and that of her dependent.)**

Creditor Objections:  **(None.)**

3. ___ Request an adjournment of the confirmation hearing to _____, due to the following good cause:

4. ___ Dismiss the case.  [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13.  In that event, a separate motion to dismiss must be filed within 10 days.]

5. ___ Convert the case to chapter 7.  [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice.  Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

|  |  |
|---|---|
| Dated:  November 26, 2013 | /s/ *Walter A. Metzen*<br>**Law Offices of Walter A. Metzen**<br>**Walter A. Metzen (P49779)**<br>**Shannon R. Warner (P67017)**<br>Attorneys for Debtor(s)<br>645 Griswold<br>3156 Penobscot Building<br>Detroit, Michigan 48226<br>(313) 962-4656; Fax: (313) 962-4241<br>detroitbankruptcylawyer@gmail.com |